# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

RAUL MATTHEWS-ORTA,

      Petitioner

vs.

ERIC H. HOLDER, JR., et al.,

      Respondents.

Case No.  2:14-cv-01853-JAD-PAL

**Order Dismissing Petition for
Lack of Jurisdiction**

      Petitioner, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) and an emergency motion for a deportation stay pending disposition of the habeas corpus petition (Doc. 4).[1]  In response to this court's order, respondents Loretta E. Lynch, Steven M. Branch, and the person in charge of the federal Nevada Southern Detention Center (erroneously identified by petitioner as Anthony L. DeMeo, Nye County Sheriff) filed an answer to the petition and an opposition to the motion for stay of deportation (Docs. 20–21).[2]  Petitioner did not file a reply to the answer or to the opposition to his motion for stay.  The court now dismisses the petition for lack of subject matter jurisdiction and resolves all other pending motions.

### Discussion

**A.     The Court Lacks Habeas Jurisdiction Over This Challenge.**

      From what the court could discern on its initial review of the petition, petitioner seeks to challenge his detention without bond pending final disposition of his removal proceedings.  A claim

---

[1] The motion for stay was included at the end of the petition itself, and thus the same document was docketed as the petition (Doc. 1) and the motion for stay (Doc. 4).

[2] Respondents' document was filed as two motions at Docs. 20 & 21.  It shall be referred to in this order as Doc. 20.

Page 1 of  3

1   of this nature may be properly presented to this court if administrative remedies are first exhausted.[3]

2          The federal respondents point out in their answer, however, that petitioner is subject to a

3   final removal order that was reinstated on January 17, 2012 (Doc. 20, p. 12).[4]  Under the REAL ID

4   Act, 8 U.S.C. § 1252(a)(5) and (b), a federal district court does not have jurisdiction over a habeas

5   petition seeking to challenge a removal order.  *See, e.g., Flores-Torres v. Mukasey*, 548 F.3d 708,

6   710-11 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881 (9th Cir. 2007).  The exclusive method for

7   obtaining judicial review of a final order of removal is a petition for review filed with the Court of

8   Appeals.  *Id.*  A reinstatement order "qualifies as an order of removal that can only be challenged in

9   a petition for review filed directly with [the court of appeals]."  *Morales-Izquierdo v. Department of*

10  *Homeland Sec.*, 600 F.3d 1076, 1081-82 (9th Cir. 2010) (citing 8 U.S.C. § 1252(a)(5)).[5]  Because

11  petitioner is subject to a final removal order, this court lacks jurisdiction to consider this habeas

12  corpus petition.

13  **B.      Remaining Motions**

14          The court has also reviewed respondents' motion to seal their answer to the petition and

15  _____

16          [3] Aliens who are held in custody under 8 U.S.C. § 1226(a) while their petitions for review of
17  their removal orders are pending are entitled to a bond hearing before an Immigration Judge (IJ).
    *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008).  If they are
18  dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the
    necessity of detention can be reviewed by . . . the [Board of Immigration Appeals]."  *Prieto-Romero*
19  *v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008).  If they remain dissatisfied, they may file a petition
20  for habeas corpus in the district court.  *See Singh v. Holder*, 638 F.3d 1196, 1200–03 (9th Cir.
    2011).
21

22          [4] The court notes that, while it appears that petitioner served exhibits to his petition and
    motion for stay on respondents, he did not electronically file any exhibits with his petition and
23  motion.  Respondents refer to exhibits to the petition when they assert that petitioner is subject to a
    final removal order (*see, e.g.*, Doc. 20 at 9).  Petitioner has filed no reply to the answer or in support
24  of his motion for emergency stay; he does not appear to challenge the facts as set forth by
25  respondents.

26          [5] It appears that petitioner administratively challenged his removal order and that the Ninth
27  Circuit ultimately dismissed his petition for review for failure to prosecute on November 6, 2014
    (Doc. 20 at 9).  He is currently detained at the Nevada Southern Detention Center due to his pending
28  federal criminal case for illegal re-entry.  Case No. 2:12-cr-00052-KJD-VCF.

1   opposition to motion to stay.  The court finds good cause to grant the motion to seal.  All remaining

2   motions have been mooted by the dismissal of the petition and are denied on that basis.

3                                            **Conclusion**

4            Accordingly, IT IS HEREBY ORDERED that **the petition is DISMISSED** without

5   prejudice for lack of jurisdiction over the subject matter.

6            IT IS FURTHER ORDERED that petitioner's emergency motion for stay **(Doc. 4) is**

7   **DENIED** as moot.

8            IT IS FURTHER ORDERED that respondent Nevada Attorney General's **motion to dismiss**

9   **(Doc. 17) is DENIED** as moot.

10           IT IS FURTHER ORDERED that respondents' motion to seal their answer to the petition

11   and opposition to motion to stay (**Doc. 22) is GRANTED**.

12           To the extent that a certificate of appealability is required in this procedural context, IT IS

13   FURTHER ORDERED THAT a certificate of appealability is DENIED.  Jurists of reason would not

14   find the district court's dismissal of the petition for lack of jurisdiction over the subject matter to be

15   debatable or incorrect.

16           **The Clerk of Court shall enter judgment accordingly and close this case.**

17           Dated June 4, 2015.

18

19                                                  Jennifer Dorsey
                                                    United States District Judge
20

21

22

23

24

25

26

27

28